UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

WILBERT COLON,                                  :
              Petitioner,          :
      v.                                  :     No. 2:22-cv-0596
                                             :
BERNADETTE MASON, *et al.*,                     :
              Respondents.        :
_____

**O P I N I O N**
**Report and Recommendation, ECF No. 30 – Adopted**

**Joseph F. Leeson, Jr.**                                                                 **June 25, 2024**
**United States District Judge**

**I.     INTRODUCTION**

Wilbert Colon filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his jury conviction in the Berks County Court of Common Pleas for first-degree murder, third-degree murder, aggravated assault, carrying firearms without a license and possession of an instrument of crime.  Magistrate Judge Pamela Carlos issued a Report and Recommendation ("R&R") recommending that the habeas corpus claims be denied and dismissed, to which Colon has filed objections.  For the reasons that follow, the objections are overruled, the R&R is adopted, and the petition is denied and dismissed.

**II.    BACKGROUND**

In the R&R, Magistrate Judge Carlos thoroughly reviewed the factual and procedural history of the case.  *See* R&R, ECF No. 30.  Colon does not object to the summary and, after review, it is adopted and incorporated herein.  Of note, Colon was convicted of first-degree murder, third degree murder, aggravated assault, carrying firearms without a license and

possession of an instrument of a crime in November of 2013. These convictions arose from the shooting death of Tarik Billups. Colon was sentenced to life imprisonment without the possibility of parole for first-degree murder, three and a half to seven years imprisonment for carrying firearms without a license, and sixteen months to five years imprisonment for possession of an instrument of crime.

On February 2, 2022, Colon filed the instant habeas petition raising the following three claims: 1) "trial counsel violated Colon's Fifth Amendment self-incrimination and due process rights in allowing the Commonwealth to prove that Colon refused to voluntarily speak with police and to argue that in closing;" 2) "trial counsel was ineffective for failing to impeach the central Commonwealth witnesses with their criminal records;" and 3) "trial counsel was ineffective for failing to request an accomplice jury instruction." *See* Pet., ECF No. 1.

On March 11, 2024, Magistrate Judge Carlos issued a R&R finding that: 1) in light of the proper deference owed to the findings of the state court, the Superior Court properly found the mention of Colon's pre-arrest silence was harmless error; and 2) grounds two and three are unexhausted and procedurally defaulted. Colon filed objections to the R&R on March 29, 2024. *See* Objs., ECF No. 31. He argues that the procedural default of grounds two and three are excused under *Martinez v. Ryan* because his PCRA counsel was ineffective for failing to raise those claims.

### III. LEGAL STANDARDS

#### A. Report and Recommendation – Review of Applicable Law

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989);

*Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The district "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

      **B.**      **Habeas Corpus Petitions under 28 U.S.C. § 2254 - Review of Applicable Law**

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before seeking federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Where a petitioner has failed to properly present his claims in the state court and no longer has an available state remedy, he has procedurally defaulted those claims. *See id.* at 847-48. An unexhausted or procedurally defaulted claim cannot provide the basis for federal habeas relief unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 732-33, 750 (1991) (explaining that a "habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion [because] there are no state remedies any longer 'available' to him"). The Supreme Court has held that the ineffectiveness of counsel on collateral review may constitute "cause" to excuse a petitioner's default. *See Martinez v. Ryan*, 566 U.S. 1 (2012). The fundamental miscarriage of justice exception "applies to a severely

confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "Put differently, the exception is only available when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Coleman v. Greene*, 845 F.3d 73, 76 (3d Cir. 2017) (quoting *McQuiggin*, 133 S. Ct. at 1936; *Schlup*, 513 U.S. at 316).

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (internal quotations omitted). "A federal habeas court must accept a state-court finding unless it was based on 'an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Davis v. Ayala*, 576 U.S. 257, 271 (2015) (quoting 28 U.S.C. § 2254(d)).[1] *See also Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (holding that there is a "doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard" because the question before a federal court is not whether the state court's determination was correct, but whether the determination was unreasonable); *Hunterson v. Disabato*, 308 F.3d 236, 245 (3d Cir. 2002) ("[I]f permissible inferences could be drawn either way, the state court decision must stand, as its determination of the facts would not be unreasonable."). "State-court factual findings, moreover, are presumed

---

[1] "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . .; or . . . resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254(d).

correct; the petitioner has the burden of rebutting the presumption by 'clear and convincing evidence.'" *Rice v. Collins*, 546 U.S. 333, 338-39 (2006) (citing 28 U.S.C. § 2254(e)(1)); *Fahy v. Horn*, 516 F.3d 169, 181 (3d Cir. 2008) (holding that "a federal habeas court must afford a state court's factual findings a presumption of correctness and that [] presumption applies to the factual determinations of state trial and appellate courts").

### C. Claims of Ineffective Assistance of Counsel - Review of Applicable Law

To establish counsel's ineffectiveness, a petitioner must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the performance was prejudicial to the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). There is a strong presumption that counsel is effective and the courts, guarding against the temptation to engage in hindsight, must be "highly deferential" to counsel's reasonable strategic decisions. *Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002). "[T]he performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688. The mere existence of alternative, even more preferable or more effective, strategies does not satisfy the first element of the *Strickland* test. *Id.* at 86. "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689 (explaining that courts should not second-guess counsel's assistance and engage in "hindsight, to reconstruct the circumstances of counsel's challenged conduct"). To establish prejudice under the second element, the petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Roe v. Flores-Ortega*, 528 U.S. 470, 482 (2000) (quoting *Strickland*, 466 U.S. at 694). Where ineffectiveness is based on counsel's failure to investigate or call witnesses, the prejudice "showing may not be based on mere speculation about what the witnesses [counsel] failed to locate might have said." *United States v. Gray*, 878 F.2d

702, 712 (3d Cir. 1989). The court must consider the totality of the evidence and the burden is on the petitioner. *Strickland*, 466 U.S. at 687, 695.

When considering ineffective assistance of counsel claims under § 2254, the question before a federal court is not whether the state court's determination was correct, but whether the determination was unreasonable. *Knowles*, 556 U.S. at 123. "And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id.* (describing "the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard").

## IV.   ANALYSIS

The Court has conducted a de novo review and overrules Colon's objections largely for the reasons set forth in R&R. Magistrate Judge Carlos comprehensively reviewed each of Colon's habeas claims and the state court record, and properly analyzed the facts and applicable legal authority. Although this Court has conducted de novo review of all of Colon's claims, it writes only to address Colon's objections regarding grounds two and three.

At the outset, the Court notes that grounds two and three are unexhausted where Colon did not raise them at the PCRA stage. Conceding this, Colon invokes *Martinez* to save his claim. As noted, under *Martinez*, ineffectiveness of counsel on collateral review may constitute "cause" to excuse a petitioner's procedural default. *See Martinez*, 566 U.S. at 17. More specifically, the rule set forth in *Martinez* is as follows: "counsel's failure to raise an ineffective assistance [of trial counsel] claim on collateral review may excuse a procedural default if: '(1) collateral attack counsel's failure itself constituted ineffective assistance of counsel under *Strickland*, and (2) the underlying ineffective assistance claim is "a substantial one."'" *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 237-38 (3d Cir. 2017) (quoting *Glenn v. Wynder*, 743 F.3d 402, 409 (3d Cir.

2014)).  Here, PCRA counsel was not ineffective for failing to pursue grounds two and three in the PCRA.

      A.      **Failure to Impeach Commonwealth Witnesses**

Colon's Objections are organized into six 'points,' the first five of which address trial counsel's failure to request an accomplice liability instruction while the final objection addresses trial counsel's failure to impeach certain Commonwealth witnesses.  The Court begins with the latter.

Colon argues that "multiple Commonwealth witnesses had prior convictions that could have been used to impeach their credibility (i.e., Brandon Harrison, Antonio Kreiser, Luis Cordovez, & Jalil Jacquez)."  Obj. at 11.  Colon also claims that their crimes constituted *crimen falsi*.  However, Colon does not explain what these convictions are or when they occurred.  Indeed, he concedes that he is without the criminal records of these individuals.  Thus, the Court finds this speculative claim fails to demonstrate prejudice to Colon.  *See Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 (3d Cir. 1991) (holding that the petitioner's "vague and conclusory" allegations are insufficient to show his counsel's representations fell below an acceptable standard.)  Nor can Colon develop new facts to support his claim in an evidentiary hearing where state post-conviction counsel failed to develop the factual basis of this claim.  *See Williams v. Superintendent Mahanoy SCI*, 45 F.4th 713, 720 (3d Cir. 2022) (holding that federal courts "should decide whether an underlying ineffectiveness claim succeeds considering only the state court record").  Accordingly, the Court finds that Colon has failed to show that he was prejudiced by PCRA counsel's failure to pursue this claim and so the matter is procedurally defaulted.

### B.   Failure to Request an Accomplice Jury Instruction

With regard to the accomplice jury instruction, it is unclear what Colon's argument is.  In the Petition, Colon states that "[s]everal Commonwealth witnesses admitted their role in the attack on the decedent and either were or could be found by the jury to be, accomplices in the crime."  Pet. at 12.  Thus, the jury should have been instructed to "receive the testimony of an accomplice 'with caution.'"  *Id*.  Magistrate Judge Carlos, as this Court would, construed the claim to generally allege that Colon's trial counsel was ineffective for failing to request an instruction that directed the jurors to consider the biases and motivations of these "accomplices."[2]  Nevertheless, the R&R reasoned that the essential purpose of the accomplice instruction was met where trial counsel explored issues of witness credibility and motivation on cross, in opening and closing arguments, and through other more general jury instructions.[3]

---

[2]   Magistrate Judge Carlos inferred that Pennsylvania Criminal Jury Instruction 4.01, which follows in part, applies:
> 3. These are the special rules that apply to accomplice testimony:
> *First*, you should view the testimony of an accomplice with disfavor because it comes from a corrupt and polluted source.
> *Second*, you should examine the testimony of an accomplice closely and accept it only with care and caution.
> *Third*, you should consider whether the testimony of an accomplice is supported, in whole or in part, by other evidence. Accomplice testimony is more dependable if supported by independent evidence. [However, even if there is no independent supporting evidence, you may still find the defendant guilty solely on the basis of an accomplice's testimony if, after using the special rules I just told you about, you are satisfied beyond a reasonable doubt that the accomplice testified truthfully and the defendant is guilty.]

Pa. SSJI (Crim), §4.01 (accomplice testimony).

[3]   For instance, in trial counsel's opening, it was argued that "all of these Commonwealth witnesses who they rest their case on, the bedrock of their case rests with these individuals who I believe the evidence will show have lied and will continue to lie. They have motive, they have problems in the past."  ECF No. 11-2 at 43.  Further, on cross examination of the Commonwealth's witnesses, trial counsel probed witnesses who "cut a deal with the D.A.'s office."  *Id*. at 126.  Finally, the trial court instructed the jury on witness credibility, specifically elucidating as a factor, whether "the witness have any interest in the outcome of the case, any bias, prejudice, or other motive that might affect his or her testimony."  ECF No. 11-3 at 19.

8
062424

Thus, the R&R reasoned, and this Court agrees, that Colon has failed to show any prejudice resulting from his trial counsel's failure to request the accomplice instruction and PCRA counsel's failure to address the matter on collateral review.

However, in his Objections, Colon seems to change his argument. There, Colon argues that had the jury been given an accomplice liability instruction, he may have been found guilty of only third-degree murder. In support, he relies on *Huffman*, *Tyson*, and *Bennett*. Notwithstanding the propriety of putting forward a new argument in Petitioner's Objections, the Court finds those cases inapplicable. Each of those cases dealt with an instance in which an accomplice liability instruction *was given* and which erroneously advised the jury that they may find an accomplice guilty of first degree murder even where the defendant did not have the specific intent to kill. *See Commonwealth v. Huffman*, 638 A.2d 961, 962 (Pa. 1994) (reversing a conviction where the jury was instructed that the appellant could be guilty of first degree murder "even if he did not have the specific intent to kill."); *see also Tyson v. Superintendent Houtzdale SCI*, 976 F.3d 382, 395 (3d Cir. 2020) (reversing the denial of habeas corpus where the given instruction effectively reduced the Commonwealth's burden to prove the defendant's mens rea by instructing the jury that it could convict the defendant of first degree murder as an accomplice "without finding [the defendant] possessed the specific intent to kill."); *Bennett v. Superintendent Graterford SCI*, 886 F.3d 268 (3d Cir. 2018) (same).

That instruction is incorrect because "[t]o determine the kind of homicide of which the accomplice is guilty, it is necessary to look to *his* state of mind; the requisite mental state must be proved beyond a reasonable doubt to be one *which the accomplice harbored and cannot depend upon proof of the intent to kill only in the principal*." *Commonwealth v. Huffman*, 638 A.2d 961, 962 (Pa. 1994) (quoting *Commonwealth v. Bachert*, 453 A.2d 931, 935 (Pa. 1982))

(emphasis in original). To instruct otherwise "lessens the state's burden of proof and is therefore violative of due process." *Tyson*, 976 F.3d at 394.

Phrased differently, accomplice liability casts a *wider* liability net by ensnaring not just the individual who pulled the trigger, but those who, with their own specific intent to kill, also aid or encourage the murder. The defendants in *Huffman*, *Tyson*, and *Bennett* were given relief because they were convicted of first-degree murder by way of accomplice liability despite no evidence of their specific intent to kill. Here, the Commonwealth did not rely on the broader accomplice theory, it charged the triggerman. Thus, an accomplice liability instruction would not have changed the outcome of the matter and Colon has not shown that PCRA counsel was ineffective for failing to pursue this claim.

### C. Certificate of Appealability

A certificate of appealability ("COA") should only be issued "if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (quoting 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits ... the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the denial of a habeas petition is based on procedural grounds and the Court does not reach the underlying constitutional claim, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. In the Court's view, Colon has failed to demonstrate his entitlement to a COA under the applicable standard, and no COA will be issued.

## V. CONCLUSION

For the reasons set forth above, the Court overrules the objections to Magistrate Judge Carlos's R&R and adopts the R&R's findings and recommendations in its entirety. Colon's petition for habeas relief is denied and dismissed. The Court declines to issue a COA or hold an evidentiary hearing.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge
